IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 97-10854
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK A. TRAINOR, JR.,

Defendant-Appellant.

Appeal from the United States District Court for the
Northern District of Texas
(4:97-CV-343-A)

June 18, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

The appellant, Frank A. Trainor, Jr., appeals from the district court's denial of his § 2255 motion to vacate his sentence. The only issues before this court are whether Trainor's trial counsel was constitutionally ineffective and whether the district court should have held an evidentiary hearing before dismissing Trainor's petition. For the reasons set forth below, we AFFIRM.

Trainor argues that his counsel was ineffective because he improperly informed him of the potential prison term he faced by going to trial, thereby causing him to reject a plea offer allegedly

    [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

made by the government. According to Trainor, notwithstanding the fact that he was charged with conspiracy to commit mail fraud, wire fraud, bank fraud, and money laundering, in violation of 18 U.S.C. § 371, and with the substantive counts of bank fraud, in violation of 18 U.S.C. § 1344, and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), the government allegedly offered Trainor the opportunity to plead guilty to misprision of felony, with a recommended sentence of probation. The government has summarily denied these allegations. Because his counsel allegedly informed him that he faced only eighteen months imprisonment, however, Trainor maintains that he rejected the government's alleged plea offer. Trainor further argues that, had his counsel properly advised him that he faced the possibility of eight years imprisonment by going to trial, he would have accepted the plea offer.

To establish that his attorney performed ineffectively, Trainor must show both that his counsel's performance was deficient and that the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Even assuming that Trainor's trial counsel's alleged advice regarding the potential sentence faced by Trainor constituted ineffective assistance, we conclude that Trainor has failed to establish prejudice. In rejecting Trainor's claim, the district court stated that it

> well recalls the case at hand and can say that there is not a reasonable probability that, at the time of trial, the court would have approved the plea agreement [Trainor] says was offered to him. A charge of misprision of felony would not have reflected the seriousness of the actual offense behavior and accepting a plea of the nature [Trainor] describes would have undermined the statutory purposes of the sentencing guidelines.

R. 1 at 88. Thus, even if the government made the alleged plea offer and Trainor's counsel erroneously advised him as to the potential term of imprisonment he faced, Trainor has failed to establish prejudice because he cannot show that the district court would have accepted the alleged plea agreement.

Notwithstanding this finding by the district court, Trainor argues that the district court further erred in denying his petition without holding an evidentiary hearing. Under 28 U.S.C. § 2255, however, a district court can dismiss a § 2255 petition if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." In making this determination, a district judge "may draw upon [his] own personal knowledge or recollection" in resolving factual allegations in § 2255 motions. See Friedman v. United States, 588 F.2d 1010, 1015 n.7 (5th Cir. 1979) (citing Machibroda v. United States, 368 U.S. 487, 494-95 (1962)). As noted above, in rejecting Trainor's petition, the district court concluded, based on its own knowledge and recollection of the case, that there was not a reasonable probability that it would not have accepted the alleged plea offer. Accordingly, we conclude that the district court properly denied Trainor's petition without holding an evidentiary hearing. See United States v. Day, 969 F.3d 39, 46-47 (3d Cir. 1992).

AFFIRMED.