# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2011

No. 08-50181

Lyle W. Cayce
Clerk

ANTHONY CHARLES ARNOLD,

Petitioner-Appellant,

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, SMITH, and ELROD, Circuit Judges.

PER CURIAM:

Anthony Charles Arnold, Texas prisoner # 1061997, appeals the dismissal
of his petition for habeas corpus under 28 U.S.C. § 2254 challenging his Texas
conviction and life sentence for aggravated sexual assault and aggravated
kidnapping.  A certificate of appealability (COA) was granted to review whether
trial counsel was ineffective for failing to tell Arnold about plea offers of 25 and
15 years.  Because the district court's rejection of Arnold's ineffective-assistance
claim rested on a clearly erroneous factual finding, we reverse the judgment and
remand the petition for further consideration.  In so doing, we hold that Arnold's
claim does not require him to demonstrate a reasonable probability that the trial

court would have approved the plea agreement, only a reasonable probability that he himself would have accepted the plea offer while it was still open.

Arnold was indicted in the 238th District Court of Midland County, Texas for aggravated sexual assault and aggravated kidnapping. Prior to Arnold's jury trial, the prosecutor communicated a plea offer of 25 years to Clifford Hardwick, Arnold's attorney at the time. Hardwick negotiated with the prosecutor and obtained a better offer—15 years. The prosecutor did not impose a deadline for responding to the offer. Hardwick never told Arnold about either offer. One to two weeks later, the prosecutor rescinded the offer because she learned of Arnold's prior felony convictions and an earlier arrest for sexual assault. Some time later, Arnold was appointed new counsel, who renewed plea discussions with the prosecutor. The prosecutor's final offer resulting from these discussions was 40 years, which Arnold rejected.

Following his conviction, the state trial court sentenced Arnold to life imprisonment. Arnold moved for a new trial, asserting that Hardwick was ineffective for failing to tell him about the earlier plea offers. At a hearing before the state trial court on Arnold's motion, the parties entered into a stipulation that Arnold "never received the 15 year plea bargain offer or the 25 year plea bargain offer from Mr. Hardwick, and if he had done so, he would have considered it." The prosecutor testified that if Arnold had accepted the offer before it was rescinded, she would have honored the agreement. Nevertheless, the trial court would have had the authority to reject the plea bargain in light of Arnold's criminal record. The trial court denied Arnold's motion for a new trial, quoting a transcript excerpt in which Arnold rejected the 40-year offer at a pre-trial conference. The court apparently mistook this 40-year offer for the 15-year offer that was the subject of the new trial motion and denied the motion on that basis.

The Eighth Court of Appeals affirmed on different grounds. Relying on Texas case law, the court held that the prosecutor's "intervening and evolving

knowledge of [Arnold's] criminal history . . . changed the factual premises of [the] original plea offer," and therefore the offer was "withdrawn with just cause." *Arnold v. State*, No. 08-01-00298-CR, 2003 WL 21481028, at \*3 (Tex. App.—El Paso June 27, 2003, pet. ref'd) (not designated for publication) (citing *Ex parte Lemke*, 13 S.W.3d 791, 796 (Tex. Crim. App. 2000)). The opinion did not address the time period between when the offer was made and when it was withdrawn or whether Arnold had shown a reasonable probability that he would have accepted the offer during this period.

Arnold sought habeas relief in federal court. In his federal habeas petition, Arnold claims he told the attorney who represented him at the state-court hearing that he would have accepted the 15-year offer "because he was in a racist county and the odds were against him." He alleges that his attorney never sought to put this information before the state trial court, beyond the stipulation previously discussed. Arnold also submitted an affidavit to the district court, stating that he "would have accepted the District Attorney's plea-bargain offer of 15 or 25 [years] had defense counsel informed me of the state's offer." He claims that he was "deceived into stipulating" that he would have merely *considered*, rather than actually accepted, the offer. According to his affidavit, he misunderstood the meaning of the term: "When I stated 'considered', I actually mean[t] that I would have definitely accepted the state's plea-bargain offer had the offer been related to me by defense counsel Cliff Hardwick." Nevertheless, in rejecting Arnold's petition, the district court found that "[nowhere] in his pleadings does [Arnold] say he would have accepted the plea deal as offered." Arnold filed a timely notice of appeal, and this court granted a COA on the issue of whether Hardwick's failure to convey the original plea offer to Arnold constitutes ineffective assistance of counsel.

Because the certified question was rejected on the merits by the state appellate court on direct appeal of Arnold's conviction, we must defer to the state court's adjudication unless it was "contrary to" or an "unreasonable application

3

of" clearly established federal law as determined by the Supreme Court. *See* § 2254(d). To find an unreasonable application of federal law, this court must determine that the state court's ruling was objectively unreasonable and not simply erroneous or incorrect. *Williams v. Taylor*, 529 U.S. 362, 411 (2000). We review the district court's findings of fact for clear error and its conclusions of law *de novo. Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001).

A petitioner claiming ineffective assistance of counsel must show that: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). A reasonable probability means "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The Supreme Court has applied the two-prong *Strickland* analysis to ineffective-assistance claims arising during the plea process. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The petitioner in *Hill* alleged that his guilty plea was involuntary because his attorney had misinformed him about parole eligibility under his plea agreement. *Id.* at 54-55. The Court held that, in this context, the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* In other words, he must demonstrate a reasonable probability that he would have changed his plea.

No one disputes that Hardwick's complete failure to relay the 15-year plea offer to Arnold fell below an objective standard of reasonableness. *See Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995) (holding that "failing to inform the defendant of a plea offer could amount to ineffective assistance of counsel"). Rather, the central dispute is whether Arnold was prejudiced by Hardwick's deficiency. To succeed on his ineffective-assistance claim, Arnold must

demonstrate a reasonable probability that, had Hardwick conveyed the 15-year offer, Arnold would have accepted it within the one or two weeks before the prosecutor rescinded it.

On this question, the state court made no finding to which we must defer.[1] If anything, by rejecting the claim on other grounds, the state court implicitly agreed—or at the very least assumed—that Arnold would have accepted the offer. *See Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). The district court did make a finding on this point, however, determining that Arnold does not even claim that he would have accepted the offer. Yet in his habeas petition and in a supporting affidavit, Arnold unequivocally stated that he would have accepted the 15-year offer if he had known about it. Arnold's petition alleges that he told his attorney that "had he been advanced the plea bargain offer of 15 years, that he would have accepted the offer, because he was in a racist county and the odds were against him." Similarly, the affidavit submitted to the district court stated that he "would have accepted the District Attorney's plea-bargain offer of 15 or 25 [years] had defense counsel informed me of the state's offer." Respondent does not attempt to defend or explain the inconsistency between the habeas record and the district court's finding, instead glossing over Arnold's assertions in his petition and focusing on statements made in the state proceeding. Thus, the district court's finding that "[nowhere] in his pleadings does Petitioner say he would have accepted the plea deal as offered" is clearly erroneous.

Despite the district court's misreading of the record, Respondent urges us to affirm on another ground: even if Arnold had accepted the 15-year plea offer,

---

[1] The only mention of the issue in the state court's opinion is the observation that Arnold "claims that if he had known about the deal he would have accepted the offer." *Arnold*, 2003 WL 21481028, at *3.

it would not necessarily have been approved by the trial court. We decline to do so. To establish prejudice under *Hill,* a petitioner must show a reasonable probability that, absent counsel's ineffectiveness, he would have changed his plea. Speculation about whether the court might have approved a hypothetical plea has no place in this analysis. *See Mask v. McGinnis*, 233 F.3d 132, 142 (2d Cir. 2000) ("[N]othing in the standards established by the Supreme Court in either *Strickland* or *Hill* require an evaluation of whether the court would have accepted a different plea agreement."). As the *Strickland* Court explained, prejudice "should not depend on the idiosyncracies of the particular decisionmaker." *Strickland*, 466 U.S. at 695. Thus, "evidence about, for example, a particular judge's sentencing practices, should not be considered in the prejudice determination." *Id*.

Not only would requiring a petitioner to show a reasonable probability that the court would have approved the plea be inconsistent with Supreme Court precedent, it would also yield an unworkable standard. The Sixth Circuit has observed that such a requirement would be "unfair and unwise" because it would "require litigants to speculate as to how a particular judge would have acted under particular circumstances." *Turner v. Tennessee*, 858 F.2d 1201, 1207 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989). Indeed, it is difficult to imagine what evidence a petitioner could adduce to demonstrate the likelihood that the state trial court would have approved a hypothetical plea, short of subpoenaing the judge to testify or submitting affidavits from prosecutors and defense attorneys who profess some understanding of the court's past exercise of its discretion regarding acceptance of pleas. The facts of this case present a further difficulty in that there is some uncertainty as to which judge would have taken Arnold's plea. Apparently, the matter might have been handled by a visiting judge on "plea day," rather than by the trial judge assigned to the case. In short, this whole line of inquiry presents numerous practical problems and,

more importantly, is far afield of the pertinent considerations in evaluating a claim of ineffectiveness under *Strickland*.

We therefore refuse to engraft onto *Strickland* the requirement that, in addition to demonstrating a reasonable probability that he would have changed his plea, a petitioner must demonstrate a reasonable probability that the judge, in turn, would have accepted his plea.[2]   A number of our sister circuits have similarly rejected such a rule.  *See United States v. Rodriguez Rodriguez*, 929 F.2d 747, 753 n.1 (1st Cir. 1991) ("[T]he mere possibility that the district court might have rejected a plea agreement does not preclude Rodriguez from showing prejudice."); *Mask v. McGinnis*, 233 F.3d 132, 142 (2d Cir. 2000) ("[N]othing in the standards established by the Supreme Court in either *Strickland* or *Hill* require an evaluation of whether the court would have accepted a different plea agreement."); *Turner v. Tennessee*, 858 F.2d 1201, 1207 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989) ("[W]e do not believe that Turner was required to demonstrate a reasonable probability that the trial court would have approved the two-year plea arrangement."); *Nunes v. Mueller*, 350 F.3d 1045, 1054 (9th Cir. 2003) (implicitly rejecting this requirement by granting habeas relief and noting that "Nunes needed only to demonstrate that . . . he would have accepted the plea offer"); *but see United States v. Day*, 969 F.2d 39, 46 (3d Cir. 1992) (noting that Day must "[shoulder] the burden of affirmatively proving that the district court would have approved the [plea] bargain").

In sum, to establish that he was prejudiced by his counsel's deficient performance, Arnold need only demonstrate a reasonable probability that he would have accepted the 15-year plea offer before it was withdrawn, had his

---

[2] In doing so, we respectfully decline to follow our unpublished per curiam opinion in *United States v. Trainor*, No. 97-10854, 98 WL 413966, at *1 (5th Cir. June 18, 1998) (per curiam) (unpublished).  As an initial matter, *Trainor* presented a highly unusual factual scenario: in denying habeas relief, the district court—the same judge who presided over Trainor's criminal trial—expressly stated that it would not have approved the alleged plea agreement.  *Id.*  Moreover, as an unpublished opinion, *Trainor* is not binding precedent, *see* 5th Cir. R. 47.5.4, and for the reasons already discussed, we do not find it persuasive.

counsel told him about the offer.  Because the district court's rejection of this claim rested on a clearly erroneous factual finding, and the state court made no findings on this point, we reverse the judgment and remand the petition for further consideration in light of this opinion.

REVERSED and REMANDED.