**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 29, 2011

No. 09-50758

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BARRY CHARLES DOCKERY,

Defendant - Appellant

Appeal from the United States District Court for
the Western District of Texas
No. 1:06-cr-148-ss-1

Before DAVIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Barry Charles Dockery appeals the district court's denial of his 28 U.S.C. § 2255 petition, arguing that his trial counsel's failure to inform him of the Sentencing Guidelines' two-level reduction in offense level for acceptance of responsibility was constitutionally deficient. Because Dockery cannot show prejudice from his counsel's alleged failure to inform him of the Guidelines provision, the district court's ruling is **AFFIRMED**.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50758

## I.   FACTS AND PROCEEDINGS

On June 20, 2006, Dockery was indicted on the following counts: (1) possession of a firearm by a felon; (2) unlawful possession of an unregistered firearm; (3) possession of a firearm in furtherance of a drug trafficking crime; (4) conspiracy to distribute and to possess with intent to distribute marijuana and cocaine base (crack cocaine); (5) possession of crack cocaine with intent to distribute; and (6) possession of marijuana with intent to distribute. Dockery's case proceeded to trial, and on November 7, 2006, a jury found Dockery guilty on all counts.

The district court sentenced Dockery on January 19, 2007. The presentence report (PSR) calculated that Dockery was responsible for the equivalent of 1,137.04 kilograms of marijuana, resulting in a total offense level of 32 under the Sentencing Guidelines. It also calculated that his prior felony convictions warranted a Criminal History Category of VI under the Guidelines. Based on an offense level of 32 and a Criminal History Category of VI, Dockery's Sentencing Guidelines range was 210 to 262 months. The district court adopted the PSR's calculations and sentenced Dockery to concurrent statutory maximum terms of 240 months for Counts Four and Five, 120 months for Counts One and Two, and 60 months for Count Six. It also sentenced him to a statutory maximum term of 120 months for Count Three to be served consecutively to the other counts, resulting in a total sentence of 360 months. On April 7, 2008, pursuant to the retroactive amendments to the Sentencing Guidelines base offense levels for crack cocaine offenses, the district court resentenced Dockery to 210 months for Counts Four and Five, resulting in a total prison term of 330 months.

Dockery filed a timely § 2255 motion asserting four ineffective assistance of counsel claims and requesting an evidentiary hearing on his claims. Dockery argued that his trial counsel, Russell Hunt, had rendered ineffective assistance

2

No. 09-50758

by, among other things, failing to explain how the Sentencing Guidelines would apply in his case. While Dockery's brief primarily focused on how Hunt had allegedly failed to explain the relevant conduct section of the Guidelines, it also stated that Hunt failed to explain how "the acceptance of responsibility would be used to mitigate his sentence." In an affidavit attached to his § 2255 motion, Dockery likewise asserted that Hunt failed to "explain to me the repercussions of the guidelines, the application of the guidelines relevant conduct, nor [sic] the application of the guidelines acceptance of responsibility sections." He stated that "[h]ad counsel taken the opportunity to explain to me the guidelines in even the most basic term, [sic] I would have never proceeded to trial." In response, the Government submitted an affidavit by Hunt in which he stated:

> This allegation is patently false. I explained very clearly to Dockery as I do to all federal clients exactly how the USSG work, including [that] . . . the easiest way to decrease the sentence is through acceptance of responsibility by pleading guilty . . . [and] that he will be held accountable for all drug quantities for which there is some reliable evidence to establish that the client was involved in or that were reasonably forseeable to the client. . . . Dockery is very intelligent and clearly understood exactly how the USSG would operate in his case. His problem was that he held a delusional belief that he would win at trial, despite receiving advice strongly and explicitly to the contrary from each of his previous attorneys including me.

The district court, without holding an evidentiary hearing, denied Dockery's motion. It concluded that Dockery had understood the risks of going to trial because he had acknowledged that he understood the nature of the charges and the maximum penalties. The court held that he could not show prejudice from Hunt's alleged failure to explain the Guidelines because he was fully informed about the maximum penalty and chose to go to trial.

Dockery filed a timely notice of appeal. This court granted Dockery a certificate of appealability (COA) on whether Hunt "failed to explain the

3

operation of the Sentencing Guidelines to Dockery (including the possibility of a reduced sentence for acceptance of responsibility) rendering his decision to proceed to trial rather than plead guilty uninformed" and whether the district court should have held an evidentiary hearing on that claim.

## II.   STANDARD OF REVIEW

On review of a district court's denial of § 2255 relief, we review factual findings for clear error and legal conclusions *de novo*. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008).

## III.   DISCUSSION

Dockery argues that Hunt rendered ineffective assistance by failing to inform him about the Guidelines' two-level reduction in offense level for acceptance in responsibility.  He asserts that he would have pleaded guilty if he had known of the potential reduction and that he would have received a shorter sentence if he had pleaded guilty.

To prevail on his ineffective assistance of counsel claim, Dockery must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Id.*  "[T]o prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003).  " '[A]ny amount of actual jail time has Sixth Amendment significance,' which constitutes prejudice for purposes of the *Strickland* test." *Id.* at 842 (citation omitted).  In other words, Dockery must show that there was a reasonable probability that he would have pleaded guilty and that a guilty plea would have resulted in a shorter sentence. *See Strickland*,

466 U.S. at 694; *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004) ("Whether there was a reasonable probability that, but for [Grammas's counsel's] actions, Grammas would have received a lesser sentence than he did turns on first, whether Grammas would have pleaded guilty if he knew of the true criminal penalty he faced, and second, whether a guilty plea would have indeed reduced Grammas's sentence.").

We need not address whether Hunt's alleged failure to inform Dockery about the acceptance of responsibility provisions of the Guidelines was constitutionally deficient performance because Dockery cannot show that he was prejudiced by Hunt's alleged failure.[1] *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Because the district court did not make explicit findings of fact on Dockery's acceptance of responsibility argument, we assume for the sake of argument that Hunt did not inform Dockery about this provision of the Guidelines and that Dockery would have pleaded guilty if Hunt had informed him of this portion of the Guidelines. Even given these assumptions, however, Dockery cannot show prejudice because the record conclusively shows that it was not reasonably *probable* that he would have received a shorter sentence as a result of his plea.

If Dockery had pleaded guilty and received a two-level reduction for acceptance of responsibility, his total offense level would have been 30 and his corresponding Guidelines sentencing range for Counts Four and Five would have been 168 to 210 months. Dockery asserts that the district court would have

---

[1] Dockery also very briefly argues that Hunt was ineffective for failing to inform him of the Guidelines relevant conduct section and that he would have pleaded guilty if he had known of the relevant conduct section. *See* USSG § 1B1.3. But as the Government argues, Dockery cannot show prejudice from this alleged omission because the court would have considered relevant conduct at sentencing even if Dockery had entered a guilty plea. *See United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010) (reviewing district court's relevant conduct finding after guilty plea).

sentenced him within this recalculated Guidelines range, resulting in a sentence lower than 240 months. But the Guidelines are advisory; a district court is not required to impose a sentence within the suggested Guidelines range. *United States v. Booker*, 543 U.S. 220, 233 (2005). This court recognizes three types of sentences: "(1) a sentence within a properly calculated Guidelines range; (2) a sentence that includes an upward or downward departure as allowed by the Guidelines; and (3) a non-Guideline sentence or a variance that is outside of the relevant Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks omitted).

Here, Dockery cannot meet his burden of showing a reasonable probability that he would have received a lesser sentence if he had pleaded guilty because the district court believed that his actions and criminal history warranted a sentence equal to or higher than the statutory maximum. In its order reducing Dockery's sentence under the retroactive changes to the Guidelines, the district court stated: "Had the Court not been limited by the statutory maximum in this case, Defendant would have been originally sentenced to 262 months." Furthermore, the court strongly indicated at sentencing that it believed that an upward departure or variance would have been appropriate if the calculated Guidelines range had been lower:

> I look at you and you're in the highest criminal classification that the United States gives people. You're looking at an advisory guideline range of 210 to 262 plus another 120 months. And your criminal background . . . shows that an upward departure, not a downward departure, an upward departure could be considered under 4A1.3 because your criminal history doesn't even count many of the convictions I've already . . . described; and your criminal convictions that did count are serious criminal offenses. Also, a departure under 2K2.4 and a departure under 18 United States Code 3553(a) could be considered. Normally with a person with your criminal background, I would be looking at a departure, but because of the advisory guidelines, it appears to that there's no reason to upward depart in your case.

No. 09-50758

The district court's statements suggest that, even if Dockery had pleaded guilty, the district court would have upwardly departed from the calculated Guidelines range or varied from the Guidelines range under 18 U.S.C. § 3553(a) to arrive at the same sentence of 240 months. *See United States v. Davis*, 602 F.3d 643, 649-50 (5th Cir. 2010) (stating in persuasive dicta that the court was "skeptical" that the defendant had shown a reasonable probability that he would have received a lower sentence under a correctly calculated Guidelines range where "the district court imposed a sentence above even the incorrect advisory range and supported this variance with reasons reflecting the gravity of the offense"). This case differs for that reason from our recent opinion in *Arnold v. Thaler*, 630 F.3d 367, 371 (5th Cir. 2011), where we held that a finding of prejudice "should not depend on the idiosyncracies of the particular decisionmaker." Here, the record shows that Dockery would have received the same sentence regardless of his decision whether to plead guilty or not. Because Dockery has failed to show a reasonable probability that he would have received a shorter sentence, his ineffective assistance claim necessarily fails. Furthermore, because the "the motion, files, and records of the case conclusively show that [Dockery] is entitled to no relief," the district court did not err in deciding his motion without an evidentiary hearing. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir.1992).

IV.   CONCLUSION

For the forgoing reasons, the district court's order is **AFFIRMED.**

7