**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 16-4605

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DOMINIQUE ROBERT DOTSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:15-cr-00297-D-1)

Submitted: July 18, 2017                            Decided: July 27, 2017

Before TRAXLER, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominique Robert Dotson pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (2012). Dotson appeals his 48-month sentence, alleging that it is substantively unreasonable. We affirm.

We review any "sentence, within or outside of the [Sentencing] Guidelines range, as a result of a departure or a variance . . . for reasonableness pursuant to an abuse of discretion standard." *United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir. 2010) *(citing Gall v. United States*, 552 U.S. 38, 46, 49, 51 (2007); *Rita v. United States*, 551 U.S. 338, 350, 354-55 (2007)). In assessing substantive reasonableness, we "measure the sentence against the statutory sentencing factors while taking into account the totality of the circumstances." *United States v. Helton*, 782 F.3d 148, 157 (4th Cir. 2015) (alteration and internal quotation marks omitted). A sentence is not unreasonable simply because we might have assigned a different weight to the 18 U.S.C. § 3553(a) (2012) factors. *Gall*, 552 U.S. at 51. Rather, we must defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been our choice. *United States v. Evans*, 526 F.3d 155, 160 (4th Cir. 2008). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted).

At the sentencing hearing the district court calculated Dotson's advisory Guidelines range as 24-30 months of imprisonment. The district court carefully analyzed the § 3553(a) factors and found an upward variance sentence of 48 months was

2

warranted. In so resolving, the district court acknowledged the positive influences on Dotson's life but concluded that Dotson's actions did not demonstrate that these influences had improved his conduct or choices. Moreover, the district court expressed concern about Dotson's criminal history and his propensity for violence, and found a need to incapacitate and deter Dotson from further criminal activity. Thus, the court addressed the parties' arguments, listened to Dotson personally, and adequately explained its sentence. Based on a totality of the circumstances, *Helton*, 782 F.3d at 157, we conclude the sentence is reasonable and the district court did not abuse its discretion by imposing a sentence 18 months over the top of Dotson's advisory sentencing range. *Diosdado-Star*, 630 F.3d at 365. Accordingly we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*