# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50336

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2018

Lyle W. Cayce
Clerk

SAMMIE LEE FORD, JR.,

Petitioner–Appellant,

versus

LORIE DAVIS, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent–Appellee.

Appeals from the United States District Court
for the Western District of Texas

Before SMITH, BARKSDALE, and HO, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Sammie Ford sought habeas corpus relief, claiming ineffective assistance of counsel ("IAC") when his attorney failed to convey a plea offer to him. Relying on the state court's factual findings, the district court dismissed the petition as time-barred and procedurally foreclosed. Because the presumption of correctness extends to implicit findings of fact, we affirm.

No. 17-50336

## I.

Ford was charged with aggravated robbery and possession of a controlled substance with intent to deliver. After pleading not guilty, he was convicted and sentenced to forty years' concurrent imprisonment on each charge. The Texas Court of Criminal Appeals ("TCCA") refused his petitions for discretionary review and denied his applications for habeas corpus relief.

In November 2014, Ford filed two *pro se* federal habeas petitions, claiming, *inter alia*, that his attorney was ineffective in failing to inform him of a plea offer of eight years. The state asserted that the claim was time-barred under the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which period began to run on August 7, 2012—the date on which judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). Ford responded that the period should have commenced on October 7, 2013— the date when he first discovered the plea deal by reading an affidavit submitted by his trial attorney. *See id.* § 2244(d)(1)(D).

The district court agreed, as "common sense" suggested, that Ford may have first learned of the plea offer through the affidavit. Because state habeas proceedings were pending in October 2013, the court tolled limitations until January 2014 and ruled that Ford's claim was thus timely. *See id.* § 2244(d)(2). After the state conceded that the IAC claim might not be procedurally barred, the court held the case in abeyance to allow Ford an opportunity to exhaust his claim in state court.

The TCCA dismissed the claim as a subsequent habeas application under TEX. CODE CRIM. PRO. ANN. art. 11.07, § 4(a)–(c). Texas law prohibits its courts from considering a successive habeas petition unless the factual basis of the claim was unascertainable through the exercise of reasonable diligence before the filing of the first application. *See id.* § 4(a)(1), (c). Upon Ford's return

No. 17-50336

to federal court, his claim was accordingly denied as time-barred and procedurally defaulted. The district court concluded that the state court, by citing Article 11.07, § 4(a)–(c), had implicitly determined that Ford knew or could have reasonably discovered the plea offer before October 2013.

This court granted Ford a certificate of appealability to challenge that ruling. Specifically, we held that reasonable jurists could debate whether the state court had implicitly found that Ford knew about the plea offer before filing his first postconviction applications and whether that finding was subject to the presumption of correctness.

## II.

We review "the district court's findings of fact for clear error and its conclusions of law de novo, applying the same standard of review that the district court applied to the state court decision."[1] A state court's factual findings are presumed to be correct, and the applicant bears the burden of rebutting that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). "This deference extends not only to express findings of fact, but to the implicit findings of the state court."[2] As long as there is "some indication of the legal basis for the state court's denial of relief," the district court may infer the state court's factual findings even if they were not expressly made.[3] Ford contends that the state court never made a factual finding to which we must defer. We

---

[1] *Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014) (quoting *Roberts v. Thaler*, 681 F.3d 597, 603 (5th Cir. 2012)).

[2] *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)).

[3] *Goodwin v. Johnson*, 132 F.3d 162, 184 (5th Cir. 1997). *See also Thompson v. Linn*, 583 F.2d 739, 742 (5th Cir. 1978) (per curiam) (quoting *Townsend v. Sain*, 372 U.S. 293, 314 (1963)) (permitting the district court to "reconstruct the findings of the state court, 'either because (the state trial judge's) view of the facts is plain from his opinion, or because of other indicia'").

3

## No. 17-50336

disagree.

### A.

Under AEDPA, a prisoner may file a habeas application within one year of the latest of four discrete events. *See id.* § 2244(d)(1). Among those are "the date on which the judgment became final by the . . . expiration of the time for seeking [direct] review" and "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(A), (D). On May 9, 2012, the TCCA refused Ford's petitions for discretionary review. His conviction thus became final on August 7, 2012, when he failed to file a petition for writ of certiorari within ninety days of that order.[4] Hence, absent a showing that a later date controls, AEDPA's one-year limitation period commenced on August 7, 2012.

Proceeding *pro se*, Ford maintains that the period should have begun on October 7, 2013, when he first discovered the factual predicate of his IAC claim. But the TCCA implicitly found otherwise when considering his later applications for state habeas relief. Indeed, Ford presented two key documents before the court: (1) his trial attorney's affidavit claiming that Ford had knowingly rejected the eight-year plea deal and (2) his own sworn statement averring that he would have accepted the deal had counsel conveyed it to him. Confronted with such conflicting evidence, the TCCA dismissed the petitions as an abuse of the writ under Article 11.07, § 4(a)–(c). Because that provision bars subsequent applications for which the factual basis was previously available, the state court necessarily found that Ford knew or could have reasonably known about the plea deal before filing his first petitions.

---

[4] *See* SUP. CT. R. 13.1; *see also, e.g., Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998).

No. 17-50336

That implicit factual finding is subject to the presumption of correctness. *See Garcia*, 454 F.3d at 444. Ford's bare assertion that he learned of the plea offer by reading counsel's affidavit is not enough to overcome the presumption. "Absent evidence in the record," we will not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (per curiam) (citations omitted). Because the state court would have considered Ford's habeas petitions had it believed his testimony, "its failure to grant relief [is] tantamount to an express finding against [his] credibility." *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Such a credibility determination "made on the basis of conflicting evidence [is] entitled to a strong presumption of correctness and [is] 'virtually unreviewable' by the federal courts."[5]

Citing *Arnold v. Thaler*,[6] Ford nonetheless maintains that the state court's factual finding is not entitled to the presumption of correctness. *Arnold* involved a similar claim that counsel had failed to notify the defendant of a plea deal before the prosecution had withdrawn it. In reversing the dismissal of the claim, this court noted that "the state court [had] made no finding to which we must defer." *Arnold*, 630 F.3d at 370. Ford urges us to reach the same conclusion here because the state court dismissed his claim without holding an evidentiary hearing or making any explicit findings of fact.

*Arnold* is inapposite. Unlike the present case, the state court in *Arnold* never made any factual findings regarding the pertinent issue on appeal:

---

[5] *Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) (quoting *Moore v. Johnson*, 194 F.3d 586, 605 (5th Cir. 1999)).

[6] *Arnold v. Thaler*, 630 F.3d 367, 368 (5th Cir. 2011) (per curiam), *vacated*, 566 U.S. 901 (2012).

5

namely, whether the defendant was prejudiced by his attorney's deficiency. *Id.* Instead, the state court merely found that the prosecution had rescinded the offer with just cause. *Id.* at 369. This court therefore owed no deference to the state court's rulings. Such is not the case here. The TCCA implicitly determined that Ford could have reasonably discovered the plea offer before filing his first postconviction applications. Under AEDPA, that implicit finding commands deference. *See* 28 U.S.C. § 2254(e)(1).

Ford yet insists that no deference is owed because both the district court and the state previously found that he had first learned of the plea offer through counsel's affidavit. Ford is mistaken. The district court made no specific factual determination but relied on "common sense" in assuming that Ford had been unaware of the offer until reading the affidavit. Similarly, the state never agreed that Ford had lacked knowledge of the offer before his first postconviction applications. In conceding that the IAC claim might not be procedurally foreclosed, the state acknowledged the "possib[ility]" that Ford "*may*" have first discovered the offer through counsel's affidavit.

Consequently, the district court correctly determined that the one-year limitation period began on August 7, 2012. Ford filed his first state habeas petitions no earlier than July 14, 2013.[7] The pendency of those petitions tolled the period until January 15, 2014, when they were denied by the TCCA. *See id.* § 2244(d)(2). Because limitations thus expired on February 10, 2014, Ford's IAC claim, filed in November, 2014, is time-barred.

## B.

For much the same reason, the district court rightly held that Ford's IAC

---

[7] The prison mailbox rule applies to state habeas applications. *See Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013). Given that Ford signed and dated his state applications on July 14, 2013, they could not have been filed before that date.

claim was procedurally foreclosed. This court may not consider habeas claims "when (1) a state court [has] declined to address [those] claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds."[8] We may review the merits of a procedurally defaulted claim, however, if the petitioner shows "cause for the default and prejudice from a violation of federal law."[9] Nevertheless, "a failure to raise a claim in an earlier habeas petition may not be excused for cause 'if the claim was reasonably available' at the time of the first petition."[10]

The TCCA refused to consider Ford's IAC claim as an abuse of the writ under Article 11.07, § 4(a)–(c). That statute is an "adequate and independent state procedural ground to bar federal habeas review."[11] Ford cannot show cause for the default in that the factual predicate of the IAC claim was reasonably available at the time of his first petitions. We therefore lack jurisdiction to address the merits of his claim.

AFFIRMED.

---

[8] *Canales*, 765 F.3d at 562 (quoting *Maples v. Thomas*, 565 U.S. 266, 280 (2012)).

[9] *Id*. (quoting *Martinez v. Ryan*, 566 U.S. 1, 10 (2012)).

[10] *Fearance v. Scott*, 56 F.3d 633, 636 (5th Cir. 1995) (quoting *Selvage v. Collins*, 975 F.2d 131, 133 (5th Cir. 1992)).

[11] *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000) (per curiam) (citing *Fearance*, 56 F.3d at 642).