# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2019

Lyle W. Cayce
Clerk

No. 18-30626

MR. MUDBUG, INCORPORATED, doing business as MMI Culinary Services,

      Plaintiff - Appellant Cross-Appellee

v.

BLOOMIN' BRANDS, INCORPORATED,

      Defendant - Appellee Cross-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-5265

Before CLEMENT, DUNCAN, and OLDHAM, Circuit Judges.

PER CURIAM:*

Mr. Mudbug, Inc. ("MMI") appeals the dismissal of its breach-of-contract and detrimental-reliance claims on summary judgment. Bloomin' Brands, Inc. ("BBI") cross appeals the denial of its motion for Rule 11 sanctions. After careful review, we find no error in either of these rulings and therefore affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30626

## I.

MMI manufactures food products in large quantities for use in restaurants nationwide. BBI is the parent company of several restaurant chains, including Outback Steakhouse, Inc. For approximately eight years, MMI and BBI worked together creating and preparing food for BBI's restaurants. Eventually, their relationship went south, and MMI ended up filing this lawsuit against BBI.

MMI originally filed its complaint in state court, but BBI removed the case to federal court on diversity jurisdiction. After an amendment to the complaint, MMI settled on three claims: an open-account claim, a breach-of-contract claim, and a detrimental-reliance claim. Only the latter two claims are at issue in this appeal.

The breach-of-contract claim centers around the allegation that BBI awarded MMI a contract in 2011 to produce 28 million pounds of various dressings for BBI. The detrimental-reliance claim focuses on a $16.8 million expansion to MMI's facility, an expansion MMI says it undertook due to BBI's assurances of larger volume commitments.

BBI moved for summary judgment on the two claims and for sanctions under Federal Rule of Civil Procedure 11. As to the merits, BBI argued that there was no evidence of a large-volume dressing contract and no evidence that it promised MMI more business if it expanded its facilities. As to the sanctions, it contended that many factual allegations in MMI's complaint were objectively false.

The district court granted BBI's motion for summary judgment on the breach-of-contract and detrimental-reliance claims. It, however, denied BBI's sanctions motion on the grounds that even if MMI had violated Rule 11, any further sanction beyond dismissal of the claims was unwarranted. Both parties have appealed and agree that Louisiana law applies.

2

No. 18-30626

## II.

## A.

MMI argues that the district court erred in dismissing its breach-of-contract and detrimental-reliance claims on summary judgment.

We review the grant of summary judgment de novo. *McCarty v. Hillstone Rest. Grp., Inc.* 864 F.3d 354, 357 (5th Cir. 2017). Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017) (per curiam) (quotation omitted).

As BBI would not bear the burden of proof at trial on the appealed claims, it can meet its initial burden on summary judgment by identifying an element of the claims on which MMI has produced no evidence. *See Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992). MMI must then produce specific facts showing there is a genuine dispute of fact for trial. *Id.* It has failed to do so for either claim.

As to the breach-of-contract claim, MMI alleged that it formed an oral contract with BBI in which BBI agreed to purchase 28 million pounds of various dressings for use in BBI's restaurants. In Louisiana, "[a]n oral contract for more than five hundred dollars may be proved by the testimony of 'one witness and other corroborating circumstances.'" *Meredith v. La. Fed'n of Teachers*, 209 F.3d 398, 403 (5th Cir. 2000) (quoting LA. CIV. CODE ANN. art. 1846). While the plaintiff's own testimony can meet the one witness requirement, the corroborating circumstances "must come from a source other than the plaintiff." *Diversified Marine Servs., Inc. v. Jewel Marine, Inc.*, 222 So. 3d 1008, 1014 (La. App. Cir. 2017).

No. 18-30626

While MMI has produced sworn declarations from Michael Maenza and Anthony D'Angelo—both executive officers at MMI—asserting that MMI and BBI formed the dressing contract, the only corroborating circumstances MMI can muster are the "hundreds of purchase orders sent by BBI to MMI" and the "ten-year business relationship" between them. But MMI has not provided any record citations to back up either assertion.[1] It has therefore abandoned this claim for inadequate briefing. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); FED. R. APP. P. 28(a)(8)(A). And even if it had been adequately briefed, past purchase orders and a past business relationship are not corroborating circumstances showing the existence of the specific contract for 28 million pounds of dressing. This is especially true when BBI has provided a mountain of evidence demonstrating that it consistently refused to make a volume-commitment contract with MMI. The district court's grant of summary judgment on MMI's breach-of-contract claim is affirmed.

MMI's detrimental-reliance claim fares no better. To succeed on this claim under Louisiana law, MMI must prove that BBI made a promise that it knew or should have known would induce MMI to reasonably rely on that promise to its detriment. *See* LA. CIV. CODE ANN. art. 1967; *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 230–32 (5th Cir. 2018) (discussing the elements of a detrimental-reliance claim). Key to this claim is one thing: a promise. No promise; no detrimental reliance. *Koerner,* 910 F.3d 232 ("[T]he existence of a promise is a necessary element of a detrimental-reliance claim"). And a promise is "an assurance to do or not do something in the future." *Id.*

MMI asserts that it relied on BBI's representation that "MMI would have to substantially enlarge its production and manufacturing facilities" if it

---

[1] It appears MMI never even offered the purchase orders into the summary-judgment evidence in the district court. Consequently, they are not in the record on appeal.

wanted "to produce all of the food products that BBI would need in its nation-wide restaurant operations." The district court held that this representation is a factual declaration, not a promise. We agree. It is not an assurance that BBI would award MMI larger contracts if it did expand; it is a statement informing MMI of the preconditions necessary to be in the running for a larger contract. As MMI has pointed to no other promise, summary judgment is affirmed on this claim as well.

### B.

We now turn to BBI's cross-appeal of the district court's denial of its motion for Rule 11 sanctions. We review all aspects of a Rule 11 order for an abuse of discretion. *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 566 (5th Cir. 2006). A district court abuses its discretion if its decision is based on an erroneous view of the law or a clearly erroneous view of the evidence. *Id.*

Rule 11 requires attorneys to certify that "factual contentions [in every filing] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(3). If a Rule 11 violation is found, "the district court has broad discretion to impose sanctions that are reasonably tailored to further the objectives of Rule 11. Proper objectives of Rule 11 sanctions are to deter, to punish and to compensate opposing parties. The court should use the least severe sanction that is adequate to fulfill this purpose." *Am. Airlines, Inc., v. Allied Pilots Ass'n*, 968 F.2d 523, 533 (5th Cir. 1992) (citations omitted).

BBI's Rule 11 motion was based on the theory that some factual assertions in MMI's complaint had no evidentiary support and were wholly false. The district court did not definitively determine if MMI had violated Rule 11. Instead, it denied the motion because even if MMI had violated Rule 11, it thought that the dismissal of MMI's claims was already sufficient to deter future misconduct. BBI now argues that dismissing frivolous claims with no

evidentiary support—a result that is already accomplished on the merits—is not an adequate deterrent and therefore does not fulfill the purposes of Rule 11.

BBI's position has some logic to it. But we cannot say that the district court abused its discretion by denying the Rule 11 motion on the grounds that dismissal was a sufficient sanction. While we have noted that dismissal is "better grounded, not on misconduct [under Rule 11], but on the merits under Rules 12, 41, 55, and 56," we have also held in the same case that "district courts may theoretically still dismiss baseless claims or defenses as sanctions" under Rule 11. *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988) (en banc). As we have never outlawed dismissal as an appropriate sanction under Rule 11, the district court's denial of BBI's Rule 11 motion was not based on an erroneous view of the law and was consequently not an abuse of discretion. BBI may feel that further sanctions are justified, but the district court found otherwise. Its decision is entitled to deference.

\* \* \*

For the foregoing reasons, we AFFIRM the district court's dismissal of MMI's breach-of-contract and detrimental-reliance claims. We also AFFIRM the court's denial of BBI's motion for sanctions under Rule 11.