# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11420
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2020

Lyle W. Cayce
Clerk

ADOLFO ROMERO,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:14-CV-219

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Adolfo Romero, Texas prisoner # 1536071, was convicted in 2008 of possession with the intent to deliver a controlled substance in a drug-free zone (DFZ), driving while intoxicated third offense, driving while intoxicated, possession with the intent to deliver a controlled substance, and fraudulent possession of identifying information. On the DFZ conviction, Romero was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced to a 10-year sentence to be served consecutively to the sentences imposed on the other convictions. On the other convictions, he was sentenced to concurrent terms of seven years, seven years, 10 years, and 15 months of imprisonment. Romero filed a 28 U.S.C. § 2254 application in 2014, challenging all of these convictions and arguing, in pertinent part, that trial counsel was ineffective because the trial court failed to admonish him that the sentence on the DFZ conviction was to run consecutively to the other sentences.

The respondent initially argued that the § 2254 application was time barred and moved to dismiss the application on this ground. The district court denied the motion. The respondent then argued that the court lacked jurisdiction to review any challenge to the conviction for fraudulent possession of information because Romero's 15-month sentence on that conviction had been discharged and he was no longer in custody for purposes of § 2254. The respondent also asserted that his claim was procedurally barred as it pertained to the DFZ conviction because the state court dismissed the claim on an independent and adequate procedural ground. The district court did not address either argument and instead denied the § 2254 application on its merits. A certificate of appealability (COA) was granted on Romero's claim of ineffective assistance of counsel and on his claim that he was denied an evidentiary hearing. The parties were also ordered to brief the issues of the timeliness of the § 2254 application and the applicability of the procedural bar.

We must examine the basis of our jurisdiction, sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). State prisoners seeking federal habeas relief must be in custody for the conviction or sentence under attack at the time habeas relief is sought. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Romero's 15-month sentence for his conviction for fraudulent possession of identifying information was discharged prior to the

No. 17-11420

time he filed the instant § 2254 application. Because Romero fully discharged his sentence on that conviction, he cannot challenge it in a § 2254 application. *See Maleng*, 490 U.S. at 492. Accordingly, the district court lacked jurisdiction to review Romero's challenge to that conviction. *See id.* Therefore, as to Romero's conviction for fraudulent possession of identifying information, the appeal is dismissed for lack of jurisdiction.

Regarding the timeliness of his § 2254 application, Romero asserts that he discovered the evidence of the current claim in January 2014 and that the one-year limitation period should commence from that date under 28 U.S.C. § 2244(d)(1)(D). He contends that he was informed by prison officials in January 2014 that he had an unserved consecutive 10-year sentence and that the calculation of his projected release date never revealed that the sentence was to be served consecutively to the other sentences.

On appeal from the denial of § 2254 relief, we review issues of law de novo and findings of fact for clear error, applying the same deference to the state court's decision as the district court under the Antiterrorism and Effective Death Penalty Act (AEDPA). *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007). A state court's factual findings are presumed to be correct, and the applicant bears the burden of rebutting that presumption by clear and convincing evidence. § 2254(e)(1). "This deference extends not only to express findings of fact, but to the implicit findings of the state court. As long as there is some indication of the legal basis for the state court's denial of relief, the district court may infer the state court's factual findings even if they were not expressly made." *Ford v. Davis*, 910 F.3d 232, 234-35 (5th Cir. 2018). (internal quotation marks and citation omitted). We may affirm the denial of habeas

3

relief "on any ground supported by the record." *Scott v. Johnson*, 227 F. 3d 260, 262 (5th Cir. 2000).

The AEDPA established a one-year limitations period that runs from the latest of various events for state prisoners filing federal habeas applications. § 2244(d)(1). The limitations period commences on the date that the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review, the date on which a state-created impediment to the filing of an application was removed, or the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. § 2244(d)(1); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

In the instant case, the state habeas court dismissed Romero's habeas application challenging his DFZ conviction as successive, citing Texas Code of Criminal Procedure article 11.07 section 4, subsections (a)-(c). Therefore, the state court made an implicit factual finding that Romero knew or could have reasonably known the factual predicate for his claim at the time he filed his initial state habeas application challenging his DFZ conviction; this finding was entitled to a presumption of correctness. *See Ford*, 910 F.3d at 235. Romero failed to show clear and convincing evidence to rebut this finding. *See* § 2254(e)(1).

To the extent that Romero argues he is entitled to equitable tolling because the prison's calculation of his release date was incorrect, his argument fails. He fails to explain how the erroneous calculation of his sentence by the prison actually prevented him from seeking federal habeas relief challenging the sentence imposed. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). Because Romero's § 2254 application was filed well after the finality of his conviction, *see* § 2244(d), it is time barred, *see Ford*, 910 F.3d at 235-36.

No. 17-11420

Additionally, Romero's claim as it pertained to his DFZ conviction was procedurally barred from federal habeas review. A federal court lacks jurisdiction to review the merits of a procedurally defaulted claim. *Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014). An applicant may overcome the procedural default if he can show cause for and actual prejudice from the procedural default. *Id.*

The state habeas court dismissed as successive Romero's 2014 application challenging his DFZ conviction wherein he raised the claim that counsel was ineffective because the court failed to admonish him on the consecutive nature of the sentence. The court cited to Texas Code of Criminal Procedure section 11.07, subsection 4(a)-(c). The application of this Texas procedural rule is an independent and adequate state ground. *Ford*, 910 F.3d at 237. As previously discussed, the state court's implicit finding that the factual predicate of this claim was available in 2010, at the time Romero filed his first state habeas application, is entitled to deference. *See id. at* 234-37; § 2254(e). Because the claim was reasonably available at the time of the first application, Romero cannot show cause for the default. *See id.* at 237; *Canales*, 765 F.3d at 562. Accordingly, to the extent Romero challenged his DFZ conviction, his claim was procedurally barred, and the claim was subject to dismissal for lack of jurisdiction. *See Ford*, 910 F.3d at 236-37*; Canales*, 765 F.3d at 562. We do not address the merits of Romero's constitutional claim. Romero's motion for the appointment of counsel is denied.

DISMISSED IN PART FOR LACK OF JURISDICTION; AFFIRMED; MOTION DENIED.